UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS A. HAINES,

Plaintiff,

v.

COUNTY OF SACRAMENTO, *et al.*,

Defendants.

Case No. 2:20-cv-01011-JDP (PC)

SCREENING ORDER THAT PLAINTIFF:

(1) FILE A SECOND AMENDED COMPLAINT; OR

(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER

ECF No. 16

SIXTY-DAY DEADLINE

Plaintiff Marcus Haines is a county inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On September 17, 2020, his initial complaint was dismissed with leave to amend within thirty days for failure to state a claim. ECF No. 7. When the thirty-day deadline passed, I entered an order directing plaintiff to show cause why this action should not be dismissed for failure to prosecute. ECF No. 9. Plaintiff has filed a "response" to that order, which I construe as an amended complaint. ECF No. 10. Therein, he alleges that Sheriff Scott Jones has violated his constitutional rights by failing to provide him with a proper

facemask that protects against Covid-19. *Id.* at 1. Plaintiff also alleges that proper cleaning supplies have not been provided and that Sheriff Jones has failed to "assert social distanc[ing]." *Id.* at 1-2. Plaintiff's amended complaint does not, for the reasons stated below, state a viable claim. I will give him one more opportunity to amend.

Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr*., 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

Plaintiff alleges that Sheriff Scott Jones has failed to protect him from Covid-19. He claims that he has not been provided with a proper face mask or cleaning supplies. ECF No. 10 at 1-2. He also claims that Jones has not ensured that inmates are socially distanced. *Id.* at 2. Since plaintiff does not claim that he has contracted the virus, his complaint must allege that Jones exposed him to an "unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Plaintiff's two-paragraph complaint does not describe the conditions under which he is incarcerated or what actions, if any, Jones took or failed to take to limit inmates' exposure to the virus. He does not explain what cleaning supplies have been withheld, what the specific social distancing situation at the jail is, or what he means by a "proper" facemask. Neither does he allege that he has any underlying health conditions that put him in a high-risk health category. The Ninth Circuit has held that, in the context of a medical deliberate indifference claim, whether a prison official's actions were reasonable depends on the circumstances—including the official's authority and available resources. *See Peralta v. Dillard*, 744 F.3d 1076, 1084-85 (9th Cir. 2014) (en banc). Plaintiff must allege his claims in greater detail if they are to proceed past screening.

Plaintiff may choose to file an amended complaint which addresses provides the required amount of detail, or he may stand on his complaint. If he chooses to stand on his complaint, I will recommend that it be dismissed.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed

violations, and any harm that he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within sixty days from the service of this order, plaintiff must either file a Second Amended Complaint or advise the court he wishes stand by his current complaint.

2. Failure to comply with this order may result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: January 13, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE