UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS A. HAINES,<br><br>   Plaintiff,<br><br> v.<br><br>COUNTY OF SACRAMENTO, *et al.*,<br><br>   Defendants. | Case No. 2:20-cv-01011-TLN-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO A RECOMMENDATION THAT THIS CASE BE DISMISSED<br><br>ECF No. 13<br><br>SIXTY-DAY DEADLINE |

  Plaintiff Marcus A. Haines is a county inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He proceeds on his first amended complaint and alleges that the County of Sacramento and the Rio Cosumnes Correctional Center violated his rights by failing to take precautions to protect him from Covid-19.  ECF No. 13 at 3.  I find, for the reasons stated below, that plaintiff's complaint does not state a cognizable claim.  I will give him leave to amend.

**Screening and Pleading Requirements**

  A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

1    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
2    claim upon which relief may be granted, or seeks monetary relief from a defendant who is
3    immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).
4        A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
7    require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
8    662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
9    possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
10   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11   1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
12   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13   n.2 (9th Cir. 2006) (en banc) (citations omitted).
14       The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
15   U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
16   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

22       As stated above, plaintiff names the Sacramento County and the Rio Cosumnes
23   Correctional Center as defendants in this action. The jail is not a cognizable defendant in a
24   section 1983 action. *See Harvey v. San Diego City Jail*, No. 13-cv-0287-LAB (RBB), 2014 U.S.
25   Dist. LEXIS 4054, *8 (S.D. Cal. 2014) ("Neither a local law enforcement department (like the
26   San Diego County Sheriff's Department or its Medical Department), or a jail itself (like the San
27   Diego County Jail), are proper defendants under § 1983."). And plaintiff has not articulated a
28   cognizable claim against Sacramento County. A municipal entity like a county is liable under

2

section 1983 only for the actions of "its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Here, plaintiff alleges that he was not provided adequate cleaning supplies or protective gear. ECF No. 13 at 3. He also alleges that inmates who tested positive for Covid-19 were not properly quarantined. *Id.* Plaintiff does not allege whether these inadequacies should be attributed to some policy of Sacramento County or whether they are the result of negligence on the part of jail staff. If the latter, this action cannot proceed. *See Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents . . . .").

      I will give plaintiff leave to amend his complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

      Accordingly, it is ORDERED that:

    1. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

    2. Failure to comply with this order may result in the dismissal of this action.

    3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 1, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3